**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

NOV 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **GONZALO BARTOLO-HERNANDEZ,**<br><br>Petitioner,<br><br>v.<br><br>**ERIC H. HOLDER, Jr., Attorney General,**<br><br>Respondent. | No. 11-72720<br><br>Agency No. A077-539-594<br><br>**MEMORANDUM**<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2013<sup>**</sup>
Seattle, Washington

Before:      **KOZINSKI**, Chief Judge, **PAEZ** and **BERZON**, Circuit Judges.

**1.** The BIA properly concluded that Bartolo-Hernandez's prior conviction

was an aggravated felony that rendered him ineligible for asylum and cancellation

of removal.  8 U.S.C. § 1158(b)(2)(A)(ii) & (B)(i); 8 U.S.C. § 1229b(b)(1)(C).

Second degree assault with a deadly weapon under Wash. Rev. Code

---

\*   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision
without oral argument.  <u>See</u> Fed. R. App. P. 34(a)(2).

§ 9A.36.021(1)(c) is categorically a crime of violence.  See United States v. Jennen, 596 F.3d 594, 600–02 (9th Cir. 2010); see also 8 U.S.C. § 1101(a)(43); 18 U.S.C. § 16.  The BIA also correctly concluded that Bartolo-Hernandez was ineligible for cancellation of removal because the conviction conclusively shows that he's not a person of good moral character.  8 U.S.C. § 1229b(b)(1)(B); 8 U.S.C. § 1101(f)(7)–(8).

2.  The BIA properly found that Bartolo-Hernandez hadn't met his burden of proof with respect to withholding of removal.  Substantial evidence supports the BIA's determination that the threats he's received stem from a personal dispute and aren't on account of his membership in a particular social group.  See 8 U.S.C. § 1231(b)(3)(A); 8 U.S.C. § 1158(b)(1)(B); see also Madrigal v. Holder, 716 F.3d 499, 506 (9th Cir. 2013).

3.  Bartolo-Hernandez presents no arguments or evidence to challenge the IJ's decision that he's ineligible for protection under the Convention Against Torture.  Thus, he's waived this claim.  See Kildare v. Saenz, 325 F.3d 1078, 1085 n.3 (9th Cir. 2003).

**PETITION DENIED.**